IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY GALE CRISMAN<br>8339 Forrester Blvd.<br>Springfield, VA 22152<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>JUSTICE<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530<br><br>Defendant. | Case No.<br><br>COMPLAINT |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**I. INTRODUCTION**

1. Plaintiff Nancy Gale Crisman ("Plaintiff") brings this action to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant United States Department of Justice ("DOJ") in responding to three FOIA requests by Plaintiff, directed to the DOJ's Office of Intelligence Policy and Review, the Federal Bureau of Investigation's ("FBI") Headquarters, and to the FBI's Miami Field Office, each requesting copies of records pertaining to Plaintiff from those agencies' respective FOIA offices.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, Nancy Gale Crisman, is an individual who, at all times relevant herein, has resided in Springfield, Virginia.

5. Defendant, United States Department of Justice, is an agency of the United States, and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conforms with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for

responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)©.

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant, and also provides jurisdiction for the federal court to review whether an agency has properly denied a request for a fee waiver. *See* 5 U.S.C. § 552(a)(4)(B).

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### NATIONAL SECURITY DIVISION FOIA REQUEST

13. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 12 previously set forth herein.

14. On or about February 24, 2009, Plaintiff sent a FOIA request to the Department of Justice's Foreign Intelligence Surveillance Court's Security Officer, c/o that agency's Security and Emergency Planning Staff, seeking all records pertaining to herself from that agency, in response to Plaintiff having received information that there had been a recent declassification of Federal Intelligence Surveillance Act (FISA) records that had included Plaintiff's name on a FISA Alert Form referenced as FISA Alert # 0403-48.

15. On or about September 20, 2010, Plaintiff, by and through her counsel Daniel J. Stotter, sent a follow-up letter to the Department of Justice's National Security Division, Office of Intelligence, indicating that Plaintiff had not received a response to her February 24, 2009 FOIA request described in the above paragraph, and requesting information as to the status of Plaintiff's 2009 FOIA request. According to Post Office Domestic Return Receipt records, this letter was received by the DOJ's National Security Division on September 14, 2010.

16. On or about October 4, 2010, the DOJ National Security Division sent a response to Plaintiff's attorney Daniel J. Stotter, indicating that his letter of September 24, 2010 had been received by the agency on October 1, 2010, and further indicating that the agency was assigning this record request as FOIA / PA #11-001. The agency's October 4, 2010 response stated that the agency had not searched for responsive records for this FOIA request, but also indicated that the agency had "conducted a search of the policy and correspondence files" and "did not locate any responsive records." The DOJ's National Security Division October 4, 2010 correspondence further indicated that the agency "can neither confirm nor deny the existence of records responsive to your request pursuant to 5 U.S.C. § 552a(k)(1)" and also stated that "if there were any records in these files responsive to your request, they would be exempt from disclosure under section (b)(1) of the Freedom of Information Act."

17. On or about October 12, 2010, Plaintiff, by and through her attorney Daniel J. Stotter, timely filed an administrative appeal of the DOJ's National Security Division's October 4, 2010 decision described in the paragraph above to the DOJ's Office of Information Policy.

18. On or about October 19, 2010, Priscilla Jones, Supervisory Administrative Specialist for the DOJ's Office of Information Policy, sent correspondence to Plaintiff's attorney Daniel J. Stotter, indicating that Plaintiff's FOIA administrative appeal had been received on October 15, 2010, and had been assigned as Appeal number AP-2011-00070.

19. On or about January 24, 2011, Plaintiff, by and through her attorney Daniel J. Stotter, sent a follow-up letter to the DOJ, indicating that the agency was not in compliance with the statutory time frames required by FOIA for responding to Plaintiff's FOIA appeal, and requesting that the agency provide information as to the approximate date by which Plaintiff could expect to receive a final response issued for her appeal, and requesting DOJ to promptly issue a final decision on this appeal

20. On or about March 18, 2011, Janice Galli McLeod, Associate Director of the Department of Justice's Office of Information and Policy, sent correspondence to Plaintiff's attorney, Daniel J. Stotter, affirming the National Security Division's response to Plaintiff's FOIA request to that agency.

21. Defendant has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for her FOIA request to the Department of Justice's National Security Division, and by failing to undertake an adequate search for responsive records to this FOIA request.

22. By failing to provide Plaintiff with all records responsive to her FOIA request to the Department of Justice's National Security Division, and by failing to undertake an adequate search for responsive records to this FOIA request, Defendant has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

23. Unless enjoined by this Court, Defendant will continue to violate Plaintiff's legal rights to be provided with copies of the records that she has requested in her FOIA request the Department of Justice's National Security Division

24. Plaintiff is directly and adversely affected and aggrieved by Defendant's failure to provide all responsive records to her FOIA request the Department of Justice's National Security Division.

25. Plaintiff has fully exhausted all administrative remedies required by FOIA prior to seeking judicial review in this matter.

26. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

27. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## SECOND CLAIM FOR RELIEF
## FBI HEADQUARTERS FOIA REQUEST

28. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 12 and paragraphs 26-27 previously set forth herein.

29. On or about September 2, 2004, Plaintiff sent a FOIA request to the FBI Headquarters in Washington DC, seeking records pertaining to herself from that agency.

30. On or about September 21, 2004, David Hardy, Section Chief of the FBI's Record Information Dissemination Section, sent a response to Plaintiff's September 2, 2004 FOIA request, indicating that this request had been designated as Request No.

1004977, and further indicating that no responsive records had been located in the FBI's main files, and that if Plaintiff was dissatisfied with this response, she could file an administrative appeal to the DOJ's Office of Information and Privacy in Washington D.C.

31.  On or about September 22, 2004, Plaintiff filed an administrative appeal of the FBI's September 21, 2004 decision to the DOJ's Office of Information and Privacy in Washington D.C. regarding the FBI's decision as to FOIA Request No. 1004977.

32.  On or about June 21, 2005, correspondence was sent from Richard L. Huff, Co-Director of the DOJ's Office of Information and Privacy, to Plaintiff regarding her September 22, 2004 FOIA Appeal. The DOJ informed Plaintiff that her appeal had been designated as Appeal No. 04-2958, and further indicated that the DOJ had decided to affirm in part and remand in part the FBI's September 21, 2004 decision on Plaintiff's FOIA request.  The DOJ expressly affirmed the FBI's finding that there were no main files responsive to Plaintiff's FOIA request in the FBI's Central Records System. However, the DOJ decision remanded Plaintiff's FOIA request to the FBI for a further search of the FBI's manual indices. The DOJ's June 21, 2005 correspondence also indicated that Plaintiff may also wish to contact any FBI field offices for further information responsive to the subject matter of her request, and in this correspondence, Mr. Huff also expressly stated that "I have been advised by FBI personnel that the Miami Field Office maintains records that may be responsive to your request."

33. On or about September 17, 2010, Plaintiff, by and though her attorney Daniel J. Stotter, sent a correspondence to the FBI's Record Information Dissemination Section, indicating that Plaintiff had not received any communications from the FBI in response to the DOJ's June 21, 2005 remand decision for FOIA Request No. 1004977, and requesting the FBI to perform the additional search required by the DOJ's remand decision, and to provide a response regarding this additional search for responsive records for Plaintiff's September 2, 2004 FOIA request to the FBI headquarters.

34. On or about October 7, 2010, correspondence was sent by David M. Hardy, Section Chief of the FBI's Record Information Dissemination Section, to Plaintiff's attorney, Daniel J. Stotter, indicating that the agency had only searched its main files for responsive records. The agency's October 7, 2010 response also indicated that it would neither confirm nor deny an individual's placement on any government watch list or terrorist list. This correspondence further indicated that if Plaintiff was dissatisfied with the FBI's response, she could file an administrative appeal with the DOJ's Office of Information Policy.

35. On or about October 12, 2010, Plaintiff, by and through her attorney Daniel J. Stotter, timely appealed the FBI's October 7, 2010 decision to the DOJ's Office of Information Policy, and according to United States Postal Service Domestic Return Receipt records, this appeal was received by the DOJ on October 14, 2010.

36. On or about March 4, 2011, Janice Galli McLeod, Associate Director of the DOJ's Office of Information Policy, sent a correspondence to Plaintiff's Attorney, Daniel J. Stotter, affirming the FBI's October 7, 2010 decision for Plaintiff's September 2, 2004 FOIA request to the FBI headquarters.

37. Defendant has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for her FOIA request of September 2, 2004 to the FBI Headquarters, and by failing to undertake an adequate search for responsive records to this FOIA request.

38. By failing to provide Plaintiff with all records responsive to her FOIA request of September 2, 2004 to the FBI Headquarters, and by failing to undertake an adequate search for responsive records to this FOIA request, Defendant has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

39. Unless enjoined by this Court, Defendant will continue to violate Plaintiff's legal rights to be provided with copies of the records that she has requested in her FOIA request of September 2, 2004 to the FBI Headquarters.

40. Plaintiff is directly and adversely affected and aggrieved by Defendant's failure to provide all responsive records to her September 2, 2004 to the FBI Headquarters.

41. Plaintiff has fully exhausted all administrative remedies required by FOIA prior to seeking judicial review in this matter.

## THIRD CLAIM FOR RELIEF
## FBI MIAMI FIELD OFFICE FOIA REQUEST

42. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 12 and paragraphs 26-27 previously set forth herein.

43. On or about June 2, 2005, Plaintiff sent a FOIA request to the FBI's Miami Field Office, seeking all records pertaining to herself from that agency field office.

44. On or about July 15, 2005, David M. Hardy, Section Chief of the FBI's Record Information Dissemination Section, sent correspondence to Plaintiff, indicating that her FOIA request had been received, and designated as FOIA Request No. 1024779.

45 On or about November 4, 2005, David M. Hardy, Section Chief of the FBI's Record Information Dissemination Section, sent a further correspondence to Plaintiff, indicating that one responsive document from the Miami Filed Office had been identified and reviewed, and stating that document was deemed to be exempt from disclosure pursuant to FOIA exemptions (b)(1) and (j)(2), and was being withheld in its entirety, and further indicating that if Plaintiff was dissatisfied with this decision, she could file an administrative appeal to the DOJ's Office of Information and Privacy within 60 days of that agency decision.

46. On or about November 14, 2005, Plainitiff filed an administrative appeal with the DOJ's Office of Information and Privacy, challenging the FBI's September 4, 2005 decision referenced in the paragraph above.

47. On or about November 28, 2005, Priscilla Jones, Chief Administrative Staff for the DOJ's Office of Information and Privacy sent correspondence to Plainitff indicating that her administrative appeal had been received by that office on November 21, 2005, and had been assigned as appeal number 06-0524.

48. On or about July 11, 2006, Plainitff, by and through her attorney Jan Peter Weiss, sent a correspondence to the DOJ's Office of Information and Privacy, inquiring as to the status of Plaintiff's administrative appeal.

49. On or about July 31, 2006, Daniel Metcalfe, Director of the DOJ's Office of Information and Privacy sent correspondence to Plaintiff indicating that office was affirming the FBI's September 4, 2005 decision as to Plaintiff's June 25, 2005 FOIA request to the FBI's Miami Field Office. However, this correspondence indicated that Mr. Metcalfe "was referring this [responsive] record to the Department of Justice's Department Review committee so that it may determine if the information contained in it should remain classified under Executive Order No. 12,958, as amended" and further indicating that Plaintiff would be informed if any of this information was declassified.

50. On or about October 31, 2008, Janice Galli McLeod, Associate Director of the DOJ's Office of Information and Privacy, sent correspondence to Plaintiff, indicating that the FBI had declassified the responsive record that had been located for Plaintiff's June 25, 2005 FOIA request to the FBI's Miami Field Office, and that therefore, the DOJ Office of Information and Privacy was remanding Plaintiff's appeal to the FBI for further

review to determine whether any other exemptions would apply to the responsive record for this FOIA request.

51. On or about February 13, 2009, David M. Hardy, Section Chief of the FBI's Record Information Dissemination Section, sent correspondence to Plaintiff, indicating that 1 responsive page had been reviewed and was being provided with redactions, and further indicating that Plainitff had a right to appeal that decision to the DOJ's Office of Information and Privacy within 60 days of the date of the FBI's February 13, 2009 letter. The FBI provided Plainitff with one redacted document entitled "FISA Alert Report Form" which was referenced as "Alert # 0403-48" and which included as "#1 Subject / Suspect information" Plaintiff's name, address, date of birth and Social Security Number.

52. On or about February 20, 2009, Plaintiff filed an administrative appeal of the FBI's February 13, 2009 decision for FOIA Request No. 1024779 to the DOJ Office of Information and Policy.

53. On or about March 6, 2009, Priscilla Jones, Supervisory Administrative Specialist for the DOJ Office of Information and Privacy, sent correspondence to Plaintiff indicating that her administrative appeal of the FBI's February 13, 2009 decision for FOIA Request No. 1024779 had been received by the Office of Information and Policy on March 6, 2009, and had been assigned as Appeal Number 09-1175.

54. On or about March 28, 2009, Plaintiff, by and through her attorney Daniel J. Stotter, sent follow-up correspondence to the DOJ Office of Information and Policy,

providing information regarding the recent declassification of FISA records responsive to Plaintiff's FOIA Request No. 1024779 and Appeal No. 09-1175, and requesting the release of all responsive records for this FOIA request.

55. On or about May 4, 2009, Plaintiff, by and through her attorney Daniel J. Stotter, sent correspondence to the DOJ's Office of Information and Policy indicating that the agency had still not issued a decision on Plaintiff's FOIA Appeal, within the time frame required by the FOIA statue for processing FOIA appeal, and requesting that the DOJ issue a final decision on Plaintiff's FOIA administrative appeal.

56. On or about January 28, 2010, Janice Galli McLeod, Associate Director of the DOJ's Office of Information and Policy, sent correspondence to Plaintiff indicating that the DOJ was affirming the FBI's actions on FOIA Request No. 1024779 for Plaintiff's FOIA Appeal (Appeal No. 09-1175), and indicating that if Plaintiff was dissatisfied with the DOJ's action on her appeal, she could file a lawsuit in accordance with 5 U.S.C. 552(a)(4)(B).

57. Defendant has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for her FOIA request of June 2, 2005 to the FBI's Miami Field Office, and by failing to undertake an adequate search for responsive records to this FOIA request.

58. By failing to provide Plaintiff with all records responsive to her FOIA request of June 2, 2005 to the FBI's Miami Field Office, and by failing to undertake an adequate

search for responsive records to this FOIA request, Defendant has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

59. Unless enjoined by this Court, Defendant will continue to violate Plaintiff's legal rights to be provided with copies of the records that she has requested in her FOIA request of June 2, 2005 to the FBI's Miami Field Office.

60. Plaintiff is directly and adversely affected and aggrieved by Defendant's failure to provide all responsive records to her June 2, 2005 FOIA request to the FBI's Miami Field Office.

61. Plaintiff has fully exhausted all administrative remedies required by FOIA prior to seeking judicial review in this matter.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1. Declare Defendant United States Department of Justice has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to her records request to the DOJ's Office of Intelligence Policy and Review, and by failing to undertake an adequate search for responsive records to this FOIA request.

2. Declare Defendant United States Department of Justice, Federal Bureau of Investigation has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to her September 2, 2004 FOIA request to the FBI Headquarters, and

by failing to undertake an adequate search for responsive records to this FOIA request.

3. Declare Defendant United States Department of Justice, Federal Bureau of Investigation has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to her June 2, 2005 FOIA request to the FBI's Miami Field Office, and by failing to undertake an adequate search for responsive records to this FOIA request.

4. Direct by injunction that Defendant United States Department of Justice provide Plaintiff with all non-exempt responsive records to Plaintiff's records request to the DOJ's Office of Intelligence Policy and Review.

5. Direct by injunction that Defendant United States Department of Justice provide Plaintiff with all non-exempt responsive records to Plaintiff's FOIA request to the FBI Headquarters.

6. Direct by injunction that Defendant United States Department of Justice provide Plaintiff with all non-exempt responsive records to Plaintiff's FOIA request to the FBI's Miami Field office.

7. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

8. Provide such other relief as the Court deems just and proper.

DATED: This 28th day of March, 2011.

Respectfully submitted,

/s/ Dan Stotter

Daniel J. Stotter (WI0015)

STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. L163
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net

**Attorney for Plaintiff**